[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10886

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VONNE ROLLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cr-14029-JEM-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Vonne Rolle tried to smuggle migrants—including a previously deported aggravated felon—into the United States. The plan was to transport them by boat from the Bahamas to the Florida coast. It was not his first time around the block; four years earlier, the U.S. Coast Guard had caught him smuggling migrants when it discovered his disabled ship offshore. And here they caught him again when his boat ran out of gas. After the Coast Guard brought Rolle ashore, he told federal agents that he had captained the boat and would do it again if released. The district court looked at Rolle's history of smuggling attempts—and his apparent desire to keep making them—and imposed a within-Guidelines sentence. Rolle challenges that sentence as unreasonable. We disagree and affirm.

## I.

Vonne Rolle captained a boat smuggling migrants into the United States. The journey started at the Grand Bahama Island. Twelve passengers climbed aboard—twice the intended capacity of the 24-foot motorboat. Meanwhile a storm approached; as evening fell, a Tropical Storm Warning was announced for the island, then a Hurricane Warning.

But around 8:00 p.m. Rolle's boat left anyway. The overladen vessel sat low in the water. Rough waves battered its

sides, and passengers begged Rolle to turn around. Yet Rolle continued toward the Florida coast.

Halfway through the trip, the boat took on too much water. The passengers spent the night bailing it out. Despite the flooding, Rolle came within 3.8 miles of the shore. Then the propellor detached from the boat, and the engine failed. The boat drifted away from the shore until Rolle reattached the propellor, restarted the engine, and began driving back toward Florida. But Rolle had not yet reached shore when the boat ran out of gas. Rolle cut the boat's fuel line and threw it in the tank to no avail. The boat was again set adrift. The passengers—who had not brought food or water when they boarded the night before—began to signal for aid.

Late that morning, about 23 miles offshore, a fisherman noticed them, threw them water, and called the U.S. Coast Guard for help. By the time the Coast Guard arrived, the boat had drifted three miles further asea. The Coast Guard took aboard Rolle and his passengers, brought them to Florida, and placed them in the custody of the U.S. Border Patrol. Federal officers interviewed Rolle about the trip; during that interview, he told them that he had captained the ship and that, if he were released, he "would do it all again."

Federal officers soon discovered that one passenger was a minor and that another was an aggravated felon that the United States had previously removed. The United States had also removed Rolle just two years prior, after he had served an 18-month sentence for encouraging and inducing noncitizens to

come to the United States.  There too he had tried and failed to smuggle noncitizens into the country by boat.

For Rolle's most recent smuggling attempt, the United States charged him with bringing noncitizens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and (B)(iii), and with aiding and assisting an aggravated felon to enter the United States, in violation of 8 U.S.C. § 1327.  Rolle pleaded guilty.  Before sentencing, however, he challenged the two-level "special skill" enhancement that the government had recommended and asked for a downward variance from the Guidelines range of 151 to 188 months.  The district court overruled Rolle's objection to the special-skill enhancement.  The court also decided to sentence Rolle to a within-Guidelines sentence of 151 months' imprisonment because of Rolle's history of smuggling attempts— and his plan to make future ones.  This appeal followed.

## II.

Rolle challenges the reasonableness of his sentence, which we review for an abuse of discretion. *United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020).  That review proceeds in two steps. *Id.*

*First*, we check whether the district court committed a "significant procedural error." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  Rolle contends that such an error occurred when, at his sentencing hearing, the district court declined to hear testimony that captaining a boat from the

Bahamas to Florida was not a special skill.[1]  A district court must give a defendant "an adequate opportunity to present information to the court" about "any factor important to the sentencing determination" that is "reasonably in dispute."  U.S. Sentencing Guidelines § 6A1.3(a) (Nov. 2018).  Yet a sentencing court has leeway to choose how to provide that opportunity—for example, it "may," but need not, permit a defendant "to introduce evidence on the objections" at the sentencing hearing.  Fed. R. Crim. P. 32(i)(2).  To make that choice, the court looks to "the nature of the dispute, its relevance to the sentencing determination, and applicable case law."  U.S.S.G. § 6A1.3 cmt.

Here, the relevant sentencing determination is the special-skill enhancement: a two-level enhancement imposed on defendants who "used a special skill, in a manner that significantly facilitated the commission or concealment of the offense."  *Id.* § 3B1.3.  A special skill, in turn, is one "not possessed by members of the general public."  *Id.* § 3B1.3 cmt. n.4.  So if the "average person off the street" lacks a skill, it's special.  *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1219 (11th Cir. 2010).

The court already had information about Rolle's smuggling attempt in the record; in a proffer, Rolle and the government

---

[1] Rolle has moved to supplement the record with an affidavit setting forth the substance of the proposed testimony.  Because that affidavit is relevant to his procedural challenge and helps us make a more informed decision on that issue, we grant his motion. *See Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1230 n.1 (11th Cir. 2019).

stipulated what had happened. And the district court needed to look no further than the proffer and precedent to determine whether Rolle had used a special skill to facilitate this smuggling attempt. This Court has already explained "that captaining a vessel on the high seas is the type of activity that requires skills not possessed by members of the general public and, therefore, requires 'special skills.'" *United States v. Calderon*, 127 F.3d 1314, 1339 (11th Cir. 1997). Because Rolle stipulated that he had captained his boat on the high seas to reach Florida, the district court had all the information it needed to conclude that he had used a special skill, and the proposed testimony would have made no difference. The district court thus committed no procedural error when it declined to hear that testimony.

*Second*, we review the substantive reasonableness of the sentence. *See Gomez*, 955 F.3d at 1255. As part of that review, we check whether the district court ignored "relevant factors that were due significant weight," whether it gave "significant weight to an improper or irrelevant factor," or whether it made "a clear error of judgment in considering the proper factors," such as by balancing those factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

We start with the length of the sentence itself. Sentences are generally reasonable when they "fall within the Guidelines range" or "below the statutory maximum." *See United States v. Muho*, 978 F.3d 1212, 1227 (11th Cir. 2020). And the 151-month sentence here has both features: it falls at the bottom of the Guidelines range

21-10886                Opinion of the Court                    7

and far below the statutory maximum sentence of 20 years' imprisonment. *See* 8 U.S.C. § 1324(a)(1)(B)(iii).

Rolle contends that his sentence was nonetheless unreasonable because, to reach it, the district court placed too much weight on his criminal history and his post-arrest statement that he would smuggle migrants again. But the district court's reliance on those factors was justifiable. Rolle had not once, but twice, tried to smuggle migrants by boat. Both times he became stranded offshore and needed the Coast Guard's help to reach land safely. And despite the dangers his passengers had faced—and his prior sentence of 18 months' imprisonment—after arrest he announced his willingness to "do it all again." True, once Rolle faced a recommended sentence of 151 to 188 months' imprisonment, his tune changed: at sentencing he told the court that he "wouldn't do it again." The court could have taken this last-minute statement, however, as further evidence that a within-Guidelines sentence was necessary "to promote respect for the law," "to afford adequate deterrence," and "to protect the public from further crimes." 18 U.S.C. § 3553(a)(2). The district court's sentence therefore was reasonable.

We **AFFIRM**.